IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:17-CR-00317-L |
| | § | |
| JABRONE DONTE WHITNER | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendant Jabrone Donte Whitner's ("Whitner") *pro se* Motion for Hardship Credit for Hardtime Served (Doc. 39), and the Government's Response to Motion for Hardship Credit for Hardtime Served (Doc. 40). After considering the motion, the response, the record, and applicable law, the court determines that Whitner's motion should be and is hereby **denied**.

### I.     Background

On March 10, 2017, Whitner was arrested by state authorities for the state felony offenses of manufacture/delivery of a controlled substance and unlawful possession of a firearm, and the state misdemeanor offenses of resisting arrest and possession of marijuana. On June 20, 2017, based on the same events that led to his state arrest, Whitner was charged by federal indictment with one count of prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A federal arrest warrant was issued on June 21, 2017, and a writ of habeas corpus *ad prosequendum* was issued on June 27, 2017, because Whitner was in state custody. Whitner was arrested on the federal warrant and taken into federal custody on June 30, 2017. He pled guilty to the single count of the indictment on August 22, 2017. By judgment entered September 11, 2018, Whitner was sentenced to 66 months' imprisonment, to run concurrently with any sentences imposed in his related state court proceedings, followed by three years of supervised

release. The judgment and record further indicated that the court intended for Whitner "to receive a sentence adjustment to account for any time that he has spent in custody beginning on March 10, 2017, that the Bureau of Prisons will not credit under [18 U.S.C.] § 3585(b)."

After federal sentencing, Whitner was returned to state custody and sentenced to three years' imprisonment on both of his related state felony offenses, to be served concurrently in a Texas Department of Criminal Justice ("TDCJ") facility. His related misdemeanor offenses were dismissed. According to the government, Whitner was released by the TDCJ and taken into custody by the United States Marshals Service on March 20, 2020. Since that time, Whitner has been held at Joe Corley Detention Facility ("JCDF"), a state facility in Montgomery County, Texas, until he can be transferred to the United States Penitentiary in Pollock, Louisiana, which was designated by the Bureau of Prisons ("BOP") as the facility for Whitner to serve the remainder of his federal sentence.

Whitner filed the pending motion on August 18, 2020, seeking an award of two to three days of credit for each of the 142 days he has spent incarcerated at JCDF from March 20, 2020, through the date he presumably completed the motion.* He alleges that his incarceration at JCDF violates the Eighth Amendment because JCDF operates as a punitive and/or communal segregation jail, resulting in limited access to recreation, exercise, or programming, sensory deprivation, and lack of movement. He also alleges Eighth Amendment violations on the grounds that: (1) the meals are below federal prison standards for the dietary needs of inmates; (2) personal hygiene "is significantly degraded," allowing common illnesses to become a problem that the limited medical staff cannot handle; (3) inmates are required to drink water, wash their hands, clean utensils, and

---

*Whitner also identifies himself as a "pre-sentenced Detainee" who is being detained at JCDF "prior to my sentencing date." Doc. 39 at 2. Contrary to his allegations, Whitner was sentenced to 66 months' imprisonment in this cause number on September 11, 2018, and is not a current pre-sentence detainee.

**Memorandum Opinion and Order – Page 2**

relieve themselves using the same instrument; and (4) inmates receive poor medical attention. The government filed a response in opposition to Whitner's motion on September 1, 2020.

## II.     Discussion

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). A federal sentence, once imposed, may be modified or changed by a district court only in limited circumstances, as recognized by the United States Court of Appeals for the Fifth Circuit:

> [A] district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b) . . . . 18 U.S.C. § 3582(b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as: (1) when the court receives a motion . . . indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.

*United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (citing 18 U.S.C. § 3582(b)); *see also United States v. Rene*, 785 F. App'x 240, 240-41 (5th Cir. 2019) (per curiam).

After a federal defendant has been sentenced, "the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")). In performing this responsibility, the BOP has the authority to award prisoners good time credit against their prison time for good behavior. *See* 18 U.S.C. § 3624(b). Accordingly, the BOP, and not the courts, is responsible for computing sentence credit awards. *See U.S. v. Setser*, 607 F.3d 128, 132-33 (5th Cir. 2010); *see also Vega v. Bergami*, No. EP-20-CV-127-DCG,

2020 WL 3686141, at *4 (W.D. Tex. July 6, 2020) ("[T]he Bureau of Prisons—not the judiciary—is responsible for implementing the statutes concerning the computation of a federal sentence.").

Here, Whitner seeks at least double credit, and as much as triple credit, for his time incarcerated at JCDF based on the alleged unconstitutional conditions of his confinement. He has not alleged any grounds under § 3582(b) upon which the court has authority to modify his sentence. *See Bridges*, 116 F.2d at 1112. Further, there is no constitutional basis authorizing the court to award Whitner double or triple credit against his federal sentence. *See, e.g.*, *United States v. Hargrave*, No. 6:14-CR-00203-05, doc. 491 at 3 (W.D. La. Feb. 23, 2017) ("[T]here is no provision, statutory or jurisprudential, which would allow this Court to grant [the defendant] double credit for her time spent at [Iberia Parish Jail].").

To the extent Whitner seeks to challenge the constitutionality of his conditions of confinement at JCDF in a civil rights action, or to challenge the BOP's computation of credit awards against his federal sentence in a habeas action, this court lacks jurisdiction to consider such challenges; they must be brought in the district court of the judicial district in which Whitner is currently confined, namely, the United States District Court for the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 1391(b); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's [28 U.S.C.] § 2241 petition.").

### III.   Conclusion

For the reasons set forth above, the court **denies** Whitner's Motion for Hardship Credit for Hardtime Served (Doc. 39).

**It is so ordered** this 15th day of September, 2020.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge